Evans J.
delivered the opinion of the Court.
In considering this case, I shall assume that the jury have decided that the trespass for which action was brought, was committed by the defendant, M’Kee, or by his order, so as to charge him with the consequences of it. This leaves only one question to be decided, viz; the sufficiency of his plea of justification. There does not appear to be any ground for the allegation, that this road was any thing more than a private way, to which the defendant, with two or three other persons, had acquired a prescriptive right. This prescriptive right is founded on the assumption, (which, in general, is a mere fiction,) that at some remote period of time, (more than twenty years,) the owner of the soil had granted the way to the defendant, or those under whom he claims. If there had been a, grant, the production of that would show the extent and limits of the thing granted, but where the grant is presumed from *168 the use, there, the use must define the extent of what is presumed to have been granted. Thus the use of a road five feet wide, or a foot-path, would not authorize nor support a claim to a wagon or cart-way, ten feet wide. And so strictly is this right limited to the use, that in the case of Taylor v. Whitehead, 2 Doug., 746, it was held that it was no justification of a trespass, that because the private way of the defendant, over the plaintiff’s land was impassable, from being overflowed by the river, he had gone on the adjoining land of the plaintiff, which was the trespass, for whicli he was sued. This case points to the distinction between public and private ways. If the road had been public, there would have been do doubt of the defendant’s right to go upon the a djoining lands of the plaintiff, when the public way was impassable. Those whose business it is to keep a public road in repair, have an undoubted right under the statute law of this State, and perhaps by the common law, to cut d defies to take the wader off, and to use earth and timber for the purpose of repairing the road. But I do not find any carm, which will authorize the conclusion, that the owner of a private way has any such right, as incidental to his way, unless he had acquired that also by a prescriptive use. If he has used not only the way, but also the right to repair it by taking earth from the adjoining land, or even timber, I do not see any reason why he may not acquire a right to the incidents as well to the road; the same evidence from whicli a grant of one is presumed, exists in relation to the other. Such a restriction may subjeetthe owner of a private way to some inconvenience, but convenience merely is no foundation for a legal right. It might be very convenient for A. to drain by ditches a noisome or pestilential bog through the land of B., but this could give him no right to interfere with the dominion of B. over his own land; lo also if one wishes to improve his private road ever another’s land, and to make the travel over it more convenient and easy, by means of ditches to carry off the water, he must obtain the owner’s consent. These observations apply to the subject of ways in general, as much as to the particular case. The principles suggested seem to result of necessity from the nature of the *169 right by prescription, and if they are correct we are conclusive of the case. The circuit Judge seems to have been of the opinion that the right to repair the road was incident to the right of way. I do not find any authority for that opinion, except that in the case of Taylor v. Whitehead; the opinion is intimated that where a right of way arises from necessity, as where the owner of land sells to another a close surrounded by the sellers land, a right of way arises from necessity. The seller is bound to give the purchaser a way, and if the one he has allotted becomes impassable by being overflowed with water, the purchaser may go on the adjoining land. This is put on the ground that the law gives the right of way, and consequently what is incident to its enjoyment. But I do not find any authority for applying the same principles to a right of way arising out of contract. But conceding this, I think it very clear, the act done by the defendant cannot be justified. The plaintiff certainly, as owner of the soil, had a right to appropriate that which was his own, to his own use, and having done so, the defendant had no right to interfere with his enjoyment. The plaintiff had no right, by cutting a ditch, to improve his own road to obstruct the defendant’s use of his road, nor had the defendant any right for the same purpose to obstruct the plaintiff’s road.
The motion is dismissed.